**GEORGIA CASUALTY AND SURETY COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 83–1165C(B).**

United States District Court, E.D. Missouri, E.D.

Jan. 13, 1984.

Robert W. Ehrig, St. Louis, Mo., for plaintiff.

Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

REGAN, District Judge.

This matter is before the Court on defendant's motion to dismiss or in the alternative for summary judgment.

The facts giving rise to plaintiff's claim stem from an undercover operation conducted by the FBI known as "Operation Recoupe." The purpose of the operation was to investigate and infiltrate an automobile theft ring which was stealing and then reselling cars and trucks in interstate markets. Plaintiff alleges that it was damaged when it reimbursed its insureds (four automobile auction dealers in Missouri) for losses they sustained when the government seized four automobiles at the conclusion of the investigation which plaintiff's insureds had sold to innocent purchasers. Plaintiff's complaint alleges that the government had the capability to protect the insured parties but "negligently or wilfully" failed to do so.

Defendant's motion to dismiss states that plaintiff's claim is barred by 28 U.S.C. § 2680(h), the misrepresentation exception to the Tort Claims Act. Defendant contends that although plaintiff states his complaint in terms of negligence, in fact the claim is based on misrepresentation and therefore under § 2680(h) it cannot serve as the basis for imposing tort liability.

An examination of plaintiff's complaint, which was couched in generalized terms, revealed allegations that undercover agents of the FBI "conspired and colluded with suspected motor vehicle thieves, to steal, alter the identity of and resell motor vehicles." Plaintiff further alleges that the FBI knew that plaintiff's insureds would likely be damaged as a result of their activity and that these agents "had within their capability the means to protect

said insured parties but negligently or wilfully failed to do so." In responding to defendant's motion to dismiss, plaintiff contends that the agents of the government could have and should have warned the innocent purchasers that these cars were stolen, but negligently failed to do so.

The government's activity in "Operation Recoupe" apparently consisted of selling vehicle identification number (VIN) tags to targeted car thieves who would retag stolen automobiles and then sell the retagged vehicles on the open market. Using the fake VIN tags, the government could then retrace the vehicles to their ultimate purchasers. The government would then retrieve the vehicles from the ultimate purchasers and return the vehicles to the rightful owners.

It is apparent from these facts that the government's role as enforcer in the undercover operation had to be kept absolutely secret. The term "undercover" itself implies that the operation was performed surreptitiously. In order for "Operation Recoupe" to be a success, government agents had to sell VIN tags authentic enough for car thieves to sell the stolen vehicles on the open market. These VIN tags necessarily represented to any innocent purchaser that the vehicle was not in fact stolen and was therefore legitimately for sale. Thus, the government's action in this regard can be more accurately depicted as a non-verbal misrepresentation.

■ Plaintiff's allegation that the defendant was negligent in failing to warn innocent purchasers that the automobiles were stolen is groundless both in fact and law. Initially, we note that any disclosure of the government's participation in "Operation Recoupe" would undoubtedly endanger the success of the operation. Moreover, plaintiff's complaint fails to allege that the government had the ability to notify potential innocent buyers that the automobiles in question were stolen. The government simply sold VIN tags to car thieves who in turn sold the automobiles to whomever they pleased. The FBI in no way determined or could determine where

or to whom the cars were to be sold. Only after the cars were sold was the FBI able to trace the false tags and retrieve the vehicles for prosecution.

■ Plaintiff's theory of negligence is further undermined by his failure to allege a duty on the part of the government to warn innocent purchasers that the cars were stolen. Actionable negligence must show the existence of a duty on the part of the defendant to protect the plaintiff from injury. But in this case no such duty exists. In the absence of a statute, there is no legally enforceable duty on the part of the government to warn or compensate victims of criminal activity. *Redmond v. U.S.*, 518 F.2d 811, 816 (7 Cir.1975); *Bergmann v. U.S.*, 689 F.2d 789 (8 Cir.1982).

We have carefully read and fully considered the cases cited by plaintiff and find them inapposite. Plaintiff cites no cases where, as here, the government made intentional implied misrepresentations about the validity of automobile titles. Plaintiff's cases deal mainly with the negligent failure of government employees to perform duties they had expressly undertaken. In this case, plaintiff has failed to show that the government undertook any duty to warn plaintiff or anyone else that the automobiles they were dealing with were stolen.

The only case remotely analogous to this case is *Redmond v. U.S.*, supra. In *Redmond*, the plaintiff sued the government for losses he sustained from financial dealings with one Edward Wuensche, characterized by plaintiff as a "highly competent confidence man dealing in stolen securities." Apparently, the government, by a series of misstatements of fact, half-truths and deception, represented Wuensche to be a reputable securities dealer when in fact he was not. Plaintiff alleged that the government was using Wuensche as a vehicle for recovering a stolen U.S. Treasury Bond, and as a result thereof plaintiff was induced to lose $1,065,000 by purchasing and then pledging worthless securities. On the basis of this complaint the district court dismissed plaintiff's complaint on the

grounds that the facts pleaded made out a case for misrepresentation.

In affirming the district court's dismissal, the Court of Appeals rejected plaintiff's argument that the acts of the government constituted negligence in failing to warn plaintiff from dealing with Wuensche. Plaintiff claimed that the misrepresentations of the government were merely incidental to negligent conduct, and as such the case was not within the misrepresentation exception of § 2680(h). The Court of Appeals disagreed with plaintiff, stating that the false representations in plaintiff's complaint were the *sine qua non* in the chain of casual events on which plaintiff's claim was founded. The Court went on to state that, in any event, the plaintiff's claim for negligence would fail because the government did not owe plaintiff an actionable duty to warn him of Wuensche's criminal conduct.

■ We agree with and follow the holding of *Redmond.* Plaintiff's complaint states that plaintiff, under terms of the insurance policy, became the guarantor of title of all vehicles sold at the automobile auctions. Pursuant to the policy, plaintiff was ultimately required to reimburse the insureds for automobiles sold at the auctions which were later found to be stolen. Hence, plaintiff's alleged injury was not caused by the negligence of the FBI but rather was caused by the FBI's implied misrepresentation (by false VIN tags,) which plaintiff's insureds relied on, that the vehicles were not in fact stolen. Therefore, in addition to holding that there was no actionable duty by the government to warn plaintiff's insured, we hold that plaintiff's claim is barred by the "misrepresentation" exception of the Federal Tort Claims Act. In so holding, we echo the sentiments of the Court in *Redmond* by stating that although we are not lacking in sympathy for the plaintiff, "we cannot by judicial fiat transform a non-actionable wrong into an actionable wrong."

Accordingly, for the reasons herein stated, it is hereby ORDERED that defendant's motion to dismiss is sustained and an order will be entered dismissing this action.